```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**BOBBY ROGERS**                                                      **PLAINTIFF**

VS.                              CIVIL ACTION NO. 5:25-cv-00006-DCB-LGI

**STATE FARM FIRE AND CASUALTY COMPANY**
**AND ITS AGENT, JACOB POOLE**                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before the Court are (i) Plaintiff Bobby Rogers ("Plaintiff")'s Motion to Remand [ECF No. 9]; and (ii) Defendant Jacob Poole's Motion to Dismiss himself from this lawsuit [ECF No. 4].  The same jurisdictional issue is at the core of both motions: whether the nondiverse co-defendant, Jacob Poole ("Poole"), was improperly joined in this action.  If Poole, a local agent for State Farm, was improperly joined, Plaintiff's challenge to the Court's diversity jurisdiction and his Motion to Remand would fail, and Poole would be dismissed from this lawsuit.  However, if Poole was properly joined as Plaintiff asserts, complete diversity amongst the parties would not exist, and the case would be remanded to state court for lack of subject matter jurisdiction.  Having reviewed the parties' submissions and the relevant law, the Court finds that Plaintiff's jurisdictional challenge fails.

**BACKGROUND**

As alleged in the state court complaint [ECF No. 1-1], Plaintiff's home in Wilkinson County, Mississippi, caught fire in September 2023 and was a total loss. Id. at ¶¶ 4, 6. At the time of the fire loss, Plaintiff had insurance coverage on his home with State Farm Fire and Casualty Company ("State Farm"). Id. ¶¶ 3, 6. Plaintiff promptly notified State Farm and its agent, Poole, about the fire damage, but State Farm refused to pay Plaintiff's claim. Id. ¶¶ 5, 6.

Plaintiff sued State Farm and Poole (collectively, "Defendants") in the Circuit Court of Wilkinson County, Mississippi for breach of contract, bad faith, negligence, and punitive damages. State Farm then removed the case to this Court under 28 U.S.C. §§ 1332 and 1441. [ECF No. 1]. Once the case was removed to federal court, Poole moved to be dismissed on the ground that Plaintiff's complaint failed to state a cognizable claim for relief against him. [ECF No. 4] ¶ 2; [ECF No. 5] at 1. Plaintiff opposed Poole's motion to dismiss [ECF No. 7] and filed his own motion to remand the case to state court. [ECF Nos. 8&9].

**DISCUSSION**

The Court will first address Plaintiff's challenge to subject-matter jurisdiction. Ashley v. Clay Cnty., 125 F.4th 654, 661 (5th Cir. 2025)(a federal court generally may not rule

on the merits of a case without first determining jurisdiction); Harden v. Field Mem'l Cmty. Hosp., 265 F. App'x 405, 407–08 (5th Cir. 2008) (district court did not err in resolving jurisdictional concerns by first ruling on remand motion before deciding motion to dismiss).  In his motion to remand,[1] Plaintiff disputes the Court's subject-matter jurisdiction and argues that the Court should remand this case to state court because Plaintiff's joinder of Poole was not fraudulent.  [ECF No. 9] ¶ 6.  Plaintiff adds that "Defendant has not met its burden of proving that plaintiff has no possibility of recovering against the defendant, Poole."  Id.

The Court disagrees.

Construing the allegations of Plaintiff's complaint most favorably to Plaintiff under a standard similar to that used in evaluating a Rule 12(b)(6) dismissal, the Court finds numerous general claims against all Defendants collectively and a dearth of specific factual allegations against Poole.  See Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) ("[T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).");

---

[1] Plaintiff filed two identical documents, each titled "Plaintiff's Motion to Remand".  [ECF Nos. 8&9].  This appears to be a filing error.  The Court will rule on the remand motion that is filed as [ECF No. 9].

Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (noting that the Fifth Circuit has recognized the similarity between standards for Fed. R. Civ. P. 12(b)(6) and fraudulent joinder).

The sole factual allegations in the complaint that specifically mention Poole are a statement regarding his Mississippi residence, [ECF No. 1-1] ¶ 2, and an allegation that Plaintiff promptly notified State Farm and Poole about the fire and provided all information requested by State Farm and Poole. Id. ¶ 5.  The only other mention by name to Poole in the complaint (except for naming him as a party) is Plaintiff's legal conclusion that "State Farm and Poole were each under a duty to use care in their business/insurance relations with Plaintiff … ."  Id. ¶ 10.  But the complaint fails to allege what Poole did to breach any duty to Plaintiff and cause him injury.  Plaintiff cannot rely on the collective allegations of "Defendants'" wrongdoing to circumvent fraudulent joinder. Rankin v. Shelter Ins., No. 5:18-CV-25(DCB)(MTP), 2018 WL 4212412, at *2 (S.D. Miss. Sept. 4, 2018); Donald v. Arrowood Indem. Co., 2010 WL 4853290 (S.D. Miss. Nov. 23, 2010).  Under Mississippi law, Poole, as an insurance agent, is not a party to Plaintiff's insurance contract with State Farm and cannot be held liable for breach of contract, negligence, or bad faith on the theory that State Farm delayed in paying or failed to pay

policy proceeds.  See, e.g., Rankin, 2018 WL 4212412, at *2 (insurance agent not a party to the insurance contract and not liable for claims on a theory that insurer failed to pay); USA Studio Apartments v. Phillips & Assocs., Inc., No. 2:15CV100 DPJ-FKB, 2015 WL 5712375, at *2 (S.D. Miss. Sept. 29, 2015)(as a non-party to the insurance contract, agent had no implied duty of good-faith and fair-dealing with regard to the performance of the contract); Rogers v. Nationwide Prop. and Cas. Ins. Co., 433 F.Supp.2d 772, 776 (S.D. Miss. 2006) (an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach); Thompson v. Nationwide Mut. Ins. Co., 971 F. Supp. 242, 243 (N.D. Miss. 1997)("A claim for breach of an insurance policy lies against the company, not its agent."). On this complaint, the Court finds no reasonable basis to predict that Plaintiff might recover against Poole on the pleaded claims in state court.  A plaintiff's inability to establish a cause of action against a non-diverse defendant in state court confirms improper joinder.  Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004); Burrell v. Ford Motor Co., 304 F.Supp.2d 883, 887 (S.D. Miss. 2004).  That criterion is met here, and the Court concludes that Poole was improperly joined in this matter.

   Once a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be

dismissed without prejudice. <u>Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.</u>, 818 F.3d 193, 209 (5th Cir. 2016). Accordingly,

IT IS ORDERED that Plaintiff Bobby Rogers's Motion to Remand [ECF No. 9], is **DENIED**;

IT IS FURTHER ORDERED that Defendant Jacob Poole's Motion to Dismiss [ECF No. 4] is **GRANTED**; and

IT IS LASTLY ORDERED that Defendant Poole is **DISMISSED** from this action without prejudice.

SO ORDERED, this the <u>9th</u> day of September 2025.

<u>s/David Bramlette</u>
UNITED STATES DISTRICT JUDGE
